UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01307-R (SK) | Date | February 25, 2019 |
|---|---|---|---|
| Title | Timothy Manuel Martel v. Hunter Angela | | |


| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:**  (IN CHAMBERS) **ORDER TO SHOW CAUSE RE: EXHAUSTION AND TIMELINESS**

On February 11, 2019, Petitioner filed a pro se petition under 28 U.S.C. § 2254, claiming ineffective assistance of appellate counsel during resentencing proceedings. In 1998, Petitioner had been convicted of carrying a concealed dirk or dagger and sentenced to an indeterminate life sentence under California's Three Strikes Law. (ECF 1 at 4). In 2012, California enacted Proposition 36, which modified the Three Strikes Law and "created a postconviction release proceeding" for prisoners convicted of non-violent or non-serious third strike offenses to seek resentencing. *Williams v. Valenzuela*, 2018 WL 2059644, at *2 (C.D. Cal. Mar. 23, 2018). But relief under Proposition 36 is not mandatory and may be denied in the discretion of the California state court if "the court determines that resentencing would pose an unreasonable risk of danger to public safety." *Id.* Here, the petition for recall under Proposition 36 was denied because one of Petitioner's prior convictions was for attempted murder. (ECF 1 at 31). Petitioner tried to appeal that denial on April 28, 2015, but his appointed appellate counsel filed a *Wende* brief, after which the California Court of Appeal denied review on July 29, 2015. (*Id.*). Petitioner now claims that appellate counsel was ineffective for not raising any issues on appeal. (ECF 1 at 12-13). But on the face of the Petition, it "plainly appears" that Petitioner "is not entitled to relief in the district court" for at least two procedural reasons. Rule 4 of Rules Governing Section 2254 Cases; *see also* L.R. 72-3.2 (Summary Dismissal of Habeas Corpus Petition).

First, it appears that Petitioner did not exhaust his claim in state court. Federal courts may not grant habeas relief to a petitioner held in state custody unless the petitioner has exhausted available state court remedies as to each of the issues presented. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005). To satisfy the exhaustion requirement, a state prisoner must "fairly present" his federal claim to the state courts, that is, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Peterson v. Lampert*, 319 F.3d 1153, 1155–56 (9th Cir. 2003) (en banc). A state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court. *See Baldwin v. Reese*, 541 U.S.

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-01307-R (SK) | Date | February 25, 2019 |
|----------|----------------------|------|-------------------|
| Title | Timothy Manuel Martel v. Hunter Angela | | |

27, 29 (2004). While Petitioner claims that he exhausted his ineffective assistance claim in the California Supreme Court, a review of the state appellate docket reveals no filing with Petitioner's name or case number raising that claim on direct or collateral review. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (court may take judicial notice of the state appellate court records). So unless Petitioner proves with evidence that he raised his ineffective assistance claim in the California Supreme Court, the Petition must be dismissed as unexhausted.

Second, even if the Petition were exhausted, it also appears untimely. As relevant here, the one-year statute of limitations began to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner should have known of the predicate facts underlying his counsel's alleged ineffectiveness as soon as April 2015, when the *Wende* brief was filed, and certainly by no later than July 2015, when the appeal was denied. Yet Petitioner did not file this federal habeas petition until February 2019. Nor does he explain why the lack of access to certain files for an indeterminate period prevented timely filing within one year of July 2015. (ECF 1 at 14). It is Petitioner's burden to prove that he is entitled to statutory or equitable tolling that could make his Petition timely. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

THEREFORE, Petitioner is ORDERED TO SHOW CAUSE on or before **March 27, 2019** why the Court should not dismiss this action for lack exhaustion and, even if exhausted, untimeliness. **Petitioner may voluntarily dismiss the action under Federal Rule of Civil Procedure 41(a) by filing a "Notice of Voluntary Dismissal."** The Clerk is directed to provide Petitioner with a Notice of Voluntary Dismissal Form CV009. **If Petitioner does not file a notice of voluntary dismissal or timely response to this Order to Show Cause, the Court will recommend involuntary dismissal of the Petition for failure to prosecute and/or obey court orders.** *See* Fed. R. Civ. P 41(b); L.R. 41-1.