**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIMOTHY MANUEL MARTEL,<br>　　　　　　　Petitioner,<br>　　v.<br>HUNTER ANGELA, Warden,<br>　　　　　　　Respondent. | CASE NO. 2:19-cv-01307-R (SK)<br>**ORDER DISMISSING PETITION FOR LACK OF EXHAUSTION** |

　　　　Petitioner is a California state prisoner challenging his indeterminate life sentence imposed under California's Three Strikes Law. (ECF 1 at 4). In 2013, he petitioned a state trial court for resentencing under California's Proposition 36,[1] but the trial court denied the petition in July 2013 because one of Petitioner's prior convictions was for attempted murder. (*Id.* at 31). Petitioner tried to appeal that denial in April 2015, but his appointed appellate counsel filed a *Wende* brief, after which the California Court of Appeal denied review in July 2015. (*Id.*). Afterwards, Petitioner filed no

---

[1] Proposition 36, enacted in 2012, "created a postconviction release proceeding" for prisoners convicted of non-violent or non-serious third strike offenses to seek resentencing. *Williams v. Valenzuela*, 2018 WL 2059644, at *2 (C.D. Cal. Mar. 23, 2018). But relief under Proposition 36 is not mandatory and may be denied in the discretion of the California state court if "the court determines that resentencing would pose an unreasonable risk of danger to public safety." *Id.*

petition for review in the California Supreme Court or, more importantly, any state habeas petition on collateral review challenging the effectiveness of appellate counsel. (ECF 8 at 1). Yet three years later, in February 2019, Petitioner filed the current Petition under 28 U.S.C. § 2254, claiming that his appellate counsel was ineffective by filing a *Wende* brief instead of raising specific claims on appeal. (*Id.* at 12-13).

Federal courts may not grant habeas relief to petitioners held in state custody unless they have exhausted available state court remedies as to each federal habeas claim. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Fields v. Waddington*, 401 F.3d 1018, 1020 (9th Cir. 2005). While Petitioner asserts that he exhausted his ineffective assistance of appellate counsel claim in the California Supreme Court, he presents no evidence of such exhaustion even though the Court gave him the chance to do so. (ECF 6, 8). And the Court's independent review of the state appellate docket reveals no filing with Petitioner's name or case number raising that claim on direct appeal or collateral review. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal court may take judicial notice of state appellate court records).

For this reason, the Petition is DISMISSED for lack of exhaustion. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Judgment dismissing this habeas action will be entered accordingly.

**IT IS SO ORDERED.**

DATED: April 11, 2019

HON. MANUEL L. REAL
U.S. DISTRICT JUDGE